**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| SHAWN FLOYD ANDERSON, #210811, | ) ) |
| Petitioner, | ) ) CIVIL ACTION NO. 9:10-235-JMC-BM ) |
| v. | ) **REPORT AND RECOMMENDATION** ) |
| MCKITHER BODISON, | ) ) |
| Respondent. | ) ) |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on January 27, 2010.[1]

The Respondent filed a return and motion for summary judgment on June 16, 2010. As the Petitioner is proceeding pro se, a Roseboro order was filed on June 17, 2010, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. Petitioner thereafter filed a response in opposition on July 12, 2010.

---

[1] Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).

1



This matter is now before the Court for disposition.[2]

**Procedural History**

Petitioner was indicted in April 1994 for murder and possession of a firearm during the commission of a violent crime [Indictment No. 94-GS-32-1019). (R.pp. 501-502, 622). Petitioner was represented by Elizabeth C. Fullwood, Esquire, and after a jury trial on May 31 through June 2, 1994, was found guilty on the charges. (R.pp. 1-497). The judge sentenced Petitioner to life imprisonment on the murder charge and five (5) years, consecutive, on the charge of possession of a firearm during the commission of a violent crime. (R.p. 499, 503-504).

Petitioner filed a timely appeal and raised the following issues:

1. Witness Outburst

2. Failure to Give Second King[3] charge

See State v. Anderson, 470 S.E.2d 103, 104-105 (S.C. 1996).[4]

On April 22, 1996, the South Carolina Supreme Court denied the Petitioner's appeal and affirmed the trial court. Id; (R.pp. 550-553). On May 8, 1996, the Remittitur was sent down. See Court Docket No. 18-9.

On February 20, 1997, Petitioner filed his first application for post-conviction relief ("APCR") in state circuit court. Anderson v. State of South Carolina, No. 1997-CP-32-0584.

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]State v. King, 155 S.E. 409 (S.C. 1930).

[4]Although a copy of the petition for certiorari is not included in the record, the South Carolina Supreme Court decision outlines the issues addressed.

2



Petitioner raised the following issue in his APCR:

    1. Ineffective Assistance of counsel.

(R.pp. 554-559).

Petitioner was represented in his APCR by Allen Bullard, Esquire, and an evidentiary hearing was held on Petitioner's application on April 19, 1999. (R.p. 565[5]). On May 11, 1999, the PCR judge filed an order denying the petition in its entirety. (R.pp. 565-571). A copy of the order was mailed to the Petitioner on May 25, 1999. (R.p. 572). Petitioner did not file an appeal, but on March 24, 2000, Petitioner did file a federal habeas petition.[6] See Anderson v. Miro, No. 00-911. Subsequently, however, Petitioner filed a motion to dismiss without prejudice on June 30, 2000, stating that he wanted to exhaust his state court remedies. Petitioner's habeas petition was thereafter dismissed, without prejudice, on September 11, 2000.[7]

In the interim on September 1, 2000, Petitioner filed a second APCR (Anderson v. State of South Carolina, No. 2000-CP-32-2518) in state court raising the following issues:

    1. Ineffective Assistance of counsel.

    2. Ineffective Assistance of appeal counsel.

    3. Ineffective Assistance of PCR counsel.

(R.pp. 576-582).

---

[5] The record does not contain a copy of the transcript from Petitioner's evidentiary hearing. However, the PCR judge references the date and Petitioner's counsel in his order. (R.p. 565). These issues do not appear to be disputed.

[6] The petition is dated March 22, 2000.

[7] The Court specifically noted in its order that it offered no opinion as to whether the state court would entertain Petitioner's purportedly unexhausted claims.

3



Petitioner was represented in his APCR by Benjamin A. Dunn, Esquire, and an evidentiary hearing was held on Petitioner's application on August 27, 2001. (R.p. 596[8]). On October 26, 2001, the PCR judge filed an order dismissing Petitioner's claims as successive and time-barred, except with regard to Petitioner's request for an Austin[9] appeal, which was granted. (R.pp. 596-601).

Petitioner filed a timely appeal of the PCR court's order of October 26, 2001, and an Austin appeal of the 1999 PCR court order. See Court Docket Nos. 18-13 and 18-14. In Petitioner's writ of certiorari petition, he raised the following issues:

> 1. Did Petitioner knowingly and intelligently waive his right to appeal the dismissal of his first application for Post-Conviction Relief?
>
> 2. Did Petitioner's trial counsel and appellate counsel fail to effectively represent him in that both failed to argue against the State's introduction of proscribed hearsay testimony?

See Petition, p. 1 (Court Docket No. 18-14).

In Petitioner's Austin appeal, he raised the following issue:

> Did Petitioner's appellate counsel fail to effectively represent him because counsel failed to argue against the State's introduction of proscribed hearsay testimony?

See Petition, p. 1 (Court Docket No. 18-13).

On November 20, 2002, the South Carolina Supreme Court affirmed the portion of the PCR court's order finding Petitioner's second PCR application was successive, proceeded to review the first PCR court's order pursuant to Austin, and denied Petitioner's writ of certiorari from that order. See Court Docket No. 18-16. The Remittitur was sent down on January 10, 2003. See

---

[8]The record does not contain a copy of the transcript from Petitioner's evidentiary hearing for his second PCR. However, the PCR judge references the date and Petitioner's counsel in his order. (R.p. 596). These issues do not appear to be disputed.

[9]Austin v. State, 409 S.E.2d 395 (S.C. 1991).



Court Docket No. 18-18.[10]

Petitioner then filed a document (which is a stamped "received" on April 29, 2004[11]) in the Lexington County Court of Common Pleas captioned "Petition for Writ of Habeas Corpus". <u>Anderson v. State of South Carolina</u>, 2004-CP-32-933. (R.pp. 603-623). Petitioner alleged in this Petition that he was entitled to relief on the following ground:

> Did Petitioner's trial counsel and appellate counsel fail to argue the State's introduction of a defective indictment; the enhancement of Petitioner's sentence and the introduction of proscribed hearsay testimony?

(R.p. 603).

The State filed a return and motion to dismiss on several grounds; <u>see</u> Court Docket No. 18-19; and on August 12, 2004, the state Administrative Judge filed a conditional order of dismissal. <u>See</u> Court Docket No. 18-20. On August 19, 2004, the Petitioner filed objections to the conditional order of dismissal; <u>see</u> Court Docket No. 18-21; following which the state court issued a final order of dismissal on August 30, 2004. (R.pp. 625-627); <u>see</u> also Court Docket No. 18-22.

Petitioner then filed a third APCR (<u>Anderson v. State of South Carolina</u>, No. 2004-CP-32-4516) in state court on December 13, 2004, raising the following issues:

> 1. After ten (10) years of incarceration, the Petitioner found out on November 12, 2004 that my parole eligibility was taken away because of the Armed Enhancement Act.

---

[10]Petitioner filed a Petition for Rehearing on December 5, 2002, which was evidently denied, since the Remittitur was sent down on January 10, 2003. The order denying the Petition for Rehearing is not in the record, and the South Carolina Supreme Court website only has opinions back to 2004.

[11]Although the record refers to a filing date of April 30, 2004, a filing date is not on the copy of the petition provided in the record. Therefore, the undersigned has given Petitioner the benefit of a filing date of April 29, 2004 (since that is the date the petition is stamped "received").



2. Due Process Violation of the Fifth Amendment and the Fourteenth.

3. Enhancement of Petitioner's Sentence.

4. Subject matter jurisdiction.

(R.pp. 505-514).

Petitioner was represented in his APCR by Frank Mock, Esquire. The State filed a Return and motion to dismiss, and a hearing was held on the State's motion and Petitioner's application on July 12, 2007. (R.pp. 521-541). At this hearing, Petitioner also added additional claims for relief. (R.pp. 528-530). The record contains an order of dismissal which is not signed; (R.pp. 542-545); however, based upon the subsequent appeal to the South Carolina Supreme Court, it is undisputed that the petition was dismissed for failure to state claims cognizable in post-conviction relief, as a successive petition, and for being time barred. See Court Docket Nos. 18-24, p. 4 and 18-25.

Petitioner filed a timely appeal of the PCR court's order and was represented on appeal by Kathrine H. Hudgens, Appellate Defender with the South Carolina Commission on Indigent Defense, and raised the following issues:

> 1. Did the PCR judge err in finding that Petitioner's claim in regard to the sequence of his sentences and parole eligibility was not a cognizable claim in post conviction relief?
>
> 2. Did the PCR judge err in dismissing the application as successive and filed beyond the statute of limitations?

See Petition, p. 2 (Court Docket No. 18-24). On February 4, 2009, the South Carolina Supreme Court denied the petition in its entirety, and the Remittitur was sent down on February 20, 2009. See Court Docket Nos. 18-26 and 18-27.

In his Petition for writ of habeas corpus filed in United States District Court, Petitioner



raises the following grounds:

**Ground One:** Ineffective Assistance of Trial and Appellate Counsel.

**Ground Two:** Ineffective Assistance of Counsel (Appellate).

**Ground Three:** Circuit court's lack of subject matter jurisdiction.

**Ground Four:** [Validity] of the indictment and the lack of Clerk of Court's Stamp/filed

See Petition, pp. 6-11.

### Discussion

Respondent has moved for summary judgment pursuant to Rule 12 (b) and Rule 56 (b), Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the Federal Court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Respondent argues in his motion, inter alia, that the entire Petition is subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies. This limitations period is



part of the AEDPA,[12] and runs from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

This Petition falls under § 2244(d)(1)(A).

Since Petitioner did not seek certiorari review from the United States Supreme Court, his state court convictions became final on August 5, 1996 (90 days from May 8, 1996), the date that the time expired for Petitioner to file a petition of certiorari.[13] See Gildon v. Brown, 384 F.3d 883, 885 (7th Cir. 2004) (citing Clay v. United States, 537 U.S. 522, 527 (2003)). Petitioner therefore had one year from August 5, 1996, to file a federal habeas petition. By the time Petitioner then filed his

---

[12]Antiterrorism and Effective Death Penalty Act of 1996.

[13]Since Petitioner filed a direct appeal, the ninety (90) day period for seeking certiorari from the United States Supreme Court is included. See e.g., 28 U.S.C. § 1257 [United States Supreme Court can only review on certiorari the final judgments of "highest court of a state"]; U.S.Sup.Ct.R. 10(b) [certiorari considered where "state court of last resort" has decided important federal question]; U.S.Sup.Ct.R. 13 [time period for petition for writ of certiorari is 90 days from decision or judgment of state court of last resort].

8



APCR on February 20, 1997, one hundred and ninety-eight (198) days of non-tolled time had passed from when his convictions had become final. The period of limitations was thereafter tolled during the pendency of Petitioner's first APCR. 28 U.S.C. § 2244(d)(2).

Since Petitioner did not timely perfect an appeal of the dismissal of his first APCR, the dismissal of this APCR became final for limitations purposes on June 24, 1999.[14] However, even assuming arguendo that the statute remained tolled until the dismissal of Petitioner's *second* APCR[15] on January 10, 2003 (when the Remittitur was sent after the South Carolina Supreme Court denied certiorari on Petitioner's belated PCR appeal[16]), this petition is still untimely;[17] see eg Ott v. Johnson,

---

[14]It not clear whether the limitations period is tolled under 28 U.S.C. § 2244 for the time period in which a petitioner *could have*, but did not, seek an appeal of a PCR court order. The tolling of Petitioner's PCR time period is based on 28 U.S.C. § 2244(d)(2), which provides that the statute is tolled during the time the post-conviction or collateral petition is *pending.* See 28 U.S.C. § 2244; Ballenger v. Mauney, No. 07-496, 2008 WL 725546 at * 3 (D.S.C. Mar. 17, 2008)[Where Petitioner did not seek appellate review, the PCR order was final on the date that it was issued]. Therefore, it is arguable that the time is not tolled during the time period to seek an appeal unless Petitioner actually pursues an appeal. However, there is also authority to support that the time should be tolled during this time period even if Petitioner does not appeal the PCR court order. Gibson v. Klinger, 232 F.3d 799, 803-804 (10th Cir. 2000)["[R]egardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which petitioner *could have* sought an appeal under state law."]. In that event, the time to file an appeal in Petitioner's state APCR was thirty (30) days. Rule 203(b)(1), SCACR. Since, even assuming that the time period was tolled during this time, it would not affect the outcome in this case, the undersigned has given Petitioner the benefit of tolling the statute for this thirty (30) day period (a copy of the order was mailed to Petitioner on May 25, 1999).

[15]Cf. McMillian v. Carochi, 198 Fed.Appx. 766, 767-768 (10th Cir. 2006)["Successive state motions for postconviction relief toll 28 U.S.C. 2244(d)(2)'s one-year limitation period as long as they were otherwise 'properly filed.'"].

[16]In Jimenez v. Quarterman, ___ U.S. ___, 129 S.Ct. 681, 683-687 (2009), the Supreme Court held that when a state court grants a criminal defendant the right to file an *out-of-time direct appeal* during state collateral review, before defendant has first sought federal habeas relief, the date of finality of the conviction and the commencement of the limitations period is the conclusion of the out-of-time appeal, or the expiration of time for seeking review of that appeal. However, a subsequent
(continued...)

9



192 F.3d 510 (5th Cir. 1999)[tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of collateral action], cert. denied, 529 U.S. 1099 (2000); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000)[running clock from when state appellate court denied leave to appeal denial of state post-conviction petition]; Mays v. Hickman, No. 98-56769, 2000 WL 538131 (9th Cir. May 3, 2000); because by the time Petitioner filed his state habeas petition on April 29, 2004, over a year of additional non-tolled time had passed since the dismissal of his second APCR on January 10, 2003 (in addition to the one hundred and ninety-eight (198) of non-tolled days that passed prior to Petitioner filing his first APCR). Therefore, assuming Petitioner's state habeas petition would count as a "properly filed" collateral review action, the statute had already expired prior to Petitioner's filing of this state habeas petition.

---

[16](...continued)
motion for a belated appeal in a state PCR action does not retroactively toll the statute back to the filing date of the original APCR. See Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)[holding a motion seeking a belated appeal in Florida state court did not revive an expired AEDPA]; Melancon v. Kaylo, 259 F.3d 401, 407 (5th Cir. 2001)[holding that after the appeal period has lapsed, an application for further appellate review ceases to be "pending" for purposes of calculating federal habeas corpus tolling provision]; Gibson v. Klinger, 232 F.3d 799, 804-808 (10th Cir. 2000)[concluding that a "state court's grant of leave to appeal out of time cannot erase the time period during which nothing was pending before a state court]; Fernandez v. Sternes, 227 F.3d 977, 981 (7th Cir. 2000)[holding that while a state process may be reviewed after the time to seek further review has expired, "the prospect of revival does not make a case 'pending' in the interim."]; Small v. Norris, No. 08-273, 2009 WL 1529463 at *2 (E.D.Ark. June 1, 2009)[Time period between the expiration of time to file an appeal and the filing of a motion for a belated appeal is not tolled under § 2244]. Accordingly, there is a strong argument that Petitioner is not entitled to toll the federal habeas petition during the time period in which he had no petition pending after the dismissal of his first APCR. However, in this case, it is not necessary to even make that determination. Since even assuming arguendo that Petitioner could retroactively toll the limitations period back to the filing date of his first APCR, this petition is still not timely

[17]Since Petitioner's first federal habeas petition was filed and dismissed during this time period, it does not provide any additional tolled time. See discussion, supra.



In his response, Petitioner contends that he "is not procedurally barred at all throughout his whole Petition, because a judgment of Repleader was filed with Lexington County Clerk of Court which was completely ignored by the State." See Memorandum in Opposition, p. 3. It is not clear what document the Petitioner is referencing. In his federal habeas petition, he refers only to three PCR state actions and his habeas petition, which have been discussed herein, with the undersigned assuming the most liberal tolling allowance possible for the pendency of those actions. See discussion, supra. To the extent that Petitioner is referring to yet another pleading, he has not provided the court with a copy of that document. Therefore, the Court cannot determine when it was filed or what, if any, affect it would have on the federal statute of limitations. Further, even if such a document had been filed with the court, it is not clear if it would be deemed a "properly filed" petition so as to toll the federal statute of limitations. Cf. Allen v. Siebert, 552 U.S. 3, at * 4 (2007)["We therefore reiterate now what we held in Pace: When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of §2244(d)(2)."](quoting Pace v. DiGuglielmo, 544 U.S. 408, 413-416 (2005))[A state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2)]]. Additionally, the filing of a state court case does not restart the one year time period. Artuz v. Bennett, 531 U.S. 4 (2000) [while state collateral review tolls the one-year statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral review].

Accordingly, Petitioner filed his federal habeas petition well after the expiration of the limitations period, and it is therefore time barred under § 2244(d)(1)(A).

11



**Conclusion**

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

November 16, 2010

Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

