# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Shawn Floyd Anderson, ) | |
| ) | C.A. No. 9:10-cv-00235-JMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| McKither Bodison, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the court on the Respondent McKither Bodison's Motion for Summary Judgment. [Doc. # 17]. Plaintiff Shawn Anderson is proceeding *pro se*. The Magistrate Judge's Report and Recommendation [Doc.# 25], filed on November 16, 2010, recommends that Mr. Bodison's Motion for Summary Judgment be granted and that Mr. Anderson's Petition for a Writ of Habeus Corpus be dismissed with prejudice. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation herein without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C.§636(b)(1).

After receiving the Magistrate Judge's Report and Recommendation on Mr. Bodison's Motion for Summary Judgment, Mr. Anderson timely filed objections. [Doc. # 27]. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a

waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Mr. Anderson submitted a six-page objection in which he primarily takes issue not with the Magistrate Judge's Report and Recommendation but with assertions made by Mr. Bodison. In addition, Mr. Anderson's objections, to the extent the court can discern them, address matters not central to that addressed by the Magistrate Judge: that Mr. Anderson's petition must be dismissed because it is untimely. As such, the court finds that Mr. Anderson's objections are non-specific and unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation. Therefore, after a thorough review of the Magistrate Judge's Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein.

Therefore, Mr. Bodison's Motion for Summary Judgment [Doc. # 17] is **GRANTED** and Mr. Anderson's Petition for a Writ of Habeus Corpus [Doc. # 1] is **DISMISSED** with prejudice.

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676,

683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

s/ J. Michelle Childs
United States District Judge

Greenville, South Carolina
February 4, 2011

3